UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL H., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-01081-TAB-JRS |
| ) | |
| KILOLO KIJAKAZI Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON DEFENDANT'S MOTION FOR REMAND
FOR FURTHER PROCEEDINGS PURSUANT TO
SENTENCE FOUR OF 42 U.S.C § 405(g)**

The Commissioner moved to remand this Social Security case for further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g), and asks that the Court enter judgment in favor of Plaintiff Daniel H. [Filing No. 16.] Plaintiff opposes the Commissioner's motion. Plaintiff argues this Court's order for reversal and remand should require the Commissioner conclude disability and award Plaintiff benefits. However, the Seventh Circuit has made clear that "a remand for further proceedings is the appropriate remedy unless the evidence before the court compels an award of benefits." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits should be a rare occurrence "only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011).

Here, all factual issues have not been resolved. The Court acknowledges Plaintiff's frustration with the length of time that this case has been going on and that there have been four

Administrative Law Judge decisions on Plaintiff's claim for disability benefits.  One way the Commissioner has attempted to address this is to suggest that this case be remanded to a different ALJ, consistent with the agency's policy in its Hearing, Appeals, and Litigation Law Manual (HALLEX).  However, the Court cannot conclusively state that Plaintiff is entitled to an award of disability benefits.

Accordingly, the Commissioner's motion for remand for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is granted.  [Filing No. 16.]  On remand, the ALJ will (1) reconsider Plaintiff's symptoms pursuant to the requirements of Social Security Rule 16-3p; (2) reconsider the opinion of Dr. Silverman and address what weight is given to the opinion; (3) reconsider the residual functional capacity; (4) obtain vocational expert testimony; and (5) issue a new decision.  In addition, since the same ALJ has heard this case twice, this case is remanded to a different ALJ consistent with the agency's HALLEX policy.

Date: 1/13/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email